**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 22 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALVIN M. LAMBRIGHT, | No. 17-35573 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-00290-YY |
| v. | |
| AUTUMN LAMBRIGHT, | MEMORANDUM[*] |
| Defendant, | |
| and | |
| CITY OF SALEM; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted January 15, 2019[**]

Before:    TROTT, TALLMAN, and CALLAHAN, Circuit Judges.

Alvin M. Lambright appeals pro se from the district court's summary

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

judgment in his action alleging federal and state law claims arising from his arrest. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000). We affirm.

The district court properly granted summary judgment on Lambright's Fourth Amendment unlawful seizure claim because the claim is time-barred. *See Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) (explaining that the statute of limitations for 42 U.S.C. § 1983 actions is the state law statute of limitations for personal injury actions, and that the applicable Oregon statute of limitations is two years).

The district court properly granted summary judgment on Lambright's state tort claims because Lambright failed to exhaust his claims as required by the Oregon Tort Claims Act. *See* Or. Rev. Stat. § 30.275.

The district court did not abuse its discretion by not granting Lambright leave to amend his complaint because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and stating that leave to amend may be denied where amendment would be futile).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

17-35573